'S. M. MARKLE, Defendant in Error, *v.* ERNEST LANGNER, Plaintiff in Error.

1. *Practice, civil — Supreme Court will not weigh evidence.* — In law cases the Supreme Court will not undertake to weigh the evidence.

### Error to Fifth District Court.

*May*, for plaintiff in error.

*Pike*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action against the defendant to recover the sum of $105 as commissions alleged to be due him by agreement for selling a certain piece of real estate for the defendant. Defendant's answer contained a denial of all the allegations set forth in the petition, and also set up as new matter that he had no interest in the land, and that he was only an agent for the sale of the same, and that of this the plaintiff knew and was advised.

On motion of the plaintiff the court struck out all that part of the answer which referred to the new matter. To this action of the court no exception was taken. By agreement of the parties the cause was then submitted to the court, without the intervention of a jury, and a finding was had for the plaintiff.

It is a matter of some surprise, in view of the prior rulings of this court and the well-established law of this State, that this cause was ever brought here. There is not a single point of law saved, no exception was taken to any action of the court below, and the case stands here upon the naked evidence. It would seem that we have sufficiently often repeated the remark that we will not undertake to weigh the evidence. So far from being the fact, as argued here, that there is no evidence to sustain the verdict, we are inclined to the opinion that the preponderance of the evidence is in its favor. But upon this discussion we will not enter.

A motion was made for a new trial on the ground of newly-discovered evidence, which was overruled. In this we see no error. The papers wholly fail to show that the defendant exercised the

proper diligence in attempting to procure the evidence; besides, at best it only tended to weaken or disparage the statements of one of the witnesses in the cause.

The judgment will be affirmed.    The other judges concur.